# United States District Court
## For The Western District of North Carolina

UNITED STATES OF AMERICA

V.

ROBERT WARREN

**AMENDED JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: 1:03cr76-1

USM Number: 18379-058

Sean Devereux
Defendant's Attorney

**FILED**
ASHEVILLE, N. C.

NOV 15 2005

U.S. DISTRICT COURT
W. DIST. OF N. C.

THE DEFENDANT:

__X__ pleaded guilty to count(s) 1 & 34.
___ Pleaded nolo contendere to count(s) which was accepted by the court.
___ Was found guilty on count(s) after a plea of not guilty.

**ACCORDINGLY**, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title and Section | Nature of Offense | Date Offense Concluded | Counts |
|---|---|---|---|
| 18 USC 371 | Conspiracy to defraud the Federal Crop Insurance Program | 1997 through the present | 1 |
| 18 USC 1956(h) | Conspiracy to commit money laundering | 2/11/02 | 34 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984, United States v. Booker, 125 S.Ct. 738 (2005), and 18 U.S.C. § 3553(a).

___ The defendant has been found not guilty on count(s).
__X__ Count(s) 2-4,5,6-8,9,10-20,21-29, 35-48, 49 (is)(are) dismissed on the motion of the United States.

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay monetary penalties, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Signature of Judicial Officer

Lacy H. Thornburg
United States District Judge

Date: 11-15-05

AMENDED AS TO FORFEITURE ON PAGE 5 ONLY

A True Copy, Teste:
Frank G. Johns, Clerk
By: _____
Deputy Clerk

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of <u>60 Months on Ct. 1; and 76 Months on Count 34, both counts to be served concurrently</u>.

\_ The Court makes the following recommendations to the Bureau of Prisons:

\_ The defendant is remanded to the custody of the United States Marshal.

\_ The defendant shall surrender to the United States Marshal for this district:

    \_ At \_\_\_\_ On \_\_\_.
    \_ As notified by the United States Marshal.

X The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    \_ Before 2 pm on .
    X as notified by the United States Marshal, AT HIS OWN EXPENSE
    \_ As notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ To _____

At _____, with a certified copy of this Judgment.

United States Marshal

By

Deputy Marshal

Defendant: ROBERT WARREN
Case Number: 1:03cr76-1

Judgment-Page 3 of 5

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of <u>3 Years. This term consists of terms of 3 Yrs. On each of Cts. 1 & 34, such terms to run concurrently.</u>.

__ The condition for mandatory drug testing is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

### STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court and any additional conditions ordered.

1. The defendant shall not commit another federal, state, or local crime.
2. The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapon.
3. The defendant shall pay any financial obligation imposed by this judgment remaining unpaid as of the commencement of the sentence of probation or the term of supervised release on a schedule to be established by the court.
4. The defendant shall provide access to any personal or business financial information as requested by the probation officer.
5. The defendant shall not acquire any new lines of credit unless authorized to do so in advance by the probation officer.
6. The defendant shall not leave the Western District of North Carolina without the permission of the Court or probation officer.
7. The defendant shall report in person to the probation officer as directed by the Court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
8. A defendant on supervised release shall report in person to the probation officer in the district to which he or she is released within 72 hours of release from custody of the Bureau of Prisons.
9. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
10. The defendant shall support his or her dependents and meet other family responsibilities.
11. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other activities authorized by the probation officer.
12. The defendant shall notify the probation officer within 72 hours of any change in residence or employment.
13. The defendant shall refrain from excessive use of alcohol and shall not unlawfully purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as duly prescribed by a licensed physician.
14. The defendant shall participate in a program of testing and treatment or both for substance abuse if directed to do so by the probation officer, until such time as the defendant is released from the program by the probation officer; provided, however, that defendant shall submit to a drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter for use of any controlled substance, subject to the provisions of 18:3563(a)(5) or 18:3583(d), respectively.
15. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
16. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
17. The defendant shall submit his person, residence, office or vehicle to a search, from time to time, conducted by any U.S. Probation Officer and such other law enforcement personnel as the probation officer may deem advisable, without a warrant; and failure to submit to such a search may be grounds for revocation of probation or supervised release. The defendant shall warn other residents or occupants that such premises or vehicle may be subject to searches pursuant to this condition.
18. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed by the probation officer.
19. The defendant shall notify the probation officer within 72 hours of defendant's being arrested or questioned by a law enforcement officer.
20. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.
21. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.
22. If the instant offense was committed on or after 4/24/96, the defendant shall notify the probation officer of any material changes in defendant's economic circumstances which may affect the defendant's ability to pay any monetary penalty.
23. If home confinement (home detention, home incarceration or curfew) is included you may be required to pay all or part of the cost of the electronic monitoring or other location verification system program based upon your ability to pay as determined by the probation officer.
24. The defendant shall cooperate in the collection of DNA as directed by the probation officer.

ADDITIONAL CONDITIONS:

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the Schedule of Payments.

| ASSESSMENT | FINE | RESTITUTION |
|---|---|---|
| $200.00 | $0.00 | $9,150,603.00 |

### FINE

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

X   The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

X   The interest requirement is waived.

___   The interest requirement is modified as follows:

### COURT APPOINTED COUNSEL FEES

___   The defendant shall pay court appointed counsel fees.

___   The defendant shall pay $_____ Towards court appointed fees.

Defendant: ROBERT WARREN  
Case Number: 1:03cr76-1

Judgment-Page 5 of 5

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A __ Lump sum payment of $ _____ Due immediately, balance due

__ Not later than _____ , or  
__ In accordance __ (C), __ (D) below; or

B X Payment to begin immediately (may be combined with __ (C), X (D) below); or

C __ Payment in equal _____ (E.g. weekly, monthly, quarterly) installments of $ _____ To commence _____ (E.g. 30 or 60 days) after the date of this judgment; or

D X Payment in equal __Monthly__ (E.g. weekly, monthly, quarterly) installments of $ __100.00__ To commence __60__ (E.g. 30 or 60 days) after release from imprisonment to a term of supervision. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. Probation Officer shall pursue collection of the amount due, and may request the court to establish or modify a payment schedule if appropriate 18 U.S.C. § 3572.

Special instructions regarding the payment of criminal monetary penalties:

__ The defendant shall pay the cost of prosecution.  
__ The defendant shall pay the following court costs:  
X The defendant shall forfeit the defendant's interest in the following property to the United States:  
The First Preliminary Order of Forfeiture entered by this Court on May 20, 2005, is incorporated herein. The following property in that Order is forfeited to the United States: a) A money judgment of $7.3 million is entered against defendants, jointly and severally, which judgment shall include but not be limited to the following specific property; b) Specific property - 1. $773,115.26 in United States currency, together with interest. 2. Sixteen tracts of real property described on the attachment hereto. c) The residence of Robert and Viki Warren at 78 Smith Cove Rd., Candler, NC, further described at Book 1682, page 0602, Buncombe County land records, is exempt from and not included in the sentence of forfeiture.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments are to be made to the United States District Court Clerk, 309 U.S. Courthouse, 100 Otis Street, Asheville, NC, 28801, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program. All criminal monetary penalty payments are to be made as directed by the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CRIMINAL NO. 1:03CR76

UNITED STATES OF AMERICA   )
                           )
VS.                        )
                           )
ROBERT WARREN              )
VIKI WARREN                )
_____)

## ATTACHMENT

Sixteen tracts of real property are described below:

1. Property located on Smith Cove Road, Buncombe County, North Carolina, containing approximately 16.99 acres, and found in Buncombe County Deed Book 1775, Page 177.

2. Property located on Smith Cove Road, Buncombe County, North Carolina, containing approximately 28.46 acres, and found in Buncombe County Deed Book 2015, Page 427.

3. Property located off of Dave Whitaker Road, Henderson County, North Carolina, containing approximately 19.44 acres, and found in Henderson County Deed Book 966, Page 221.

4. Property located on J.D. Hooper Estate, tracts #4 and #6, in Henderson County, North Carolina, containing approximately 32.44 acres, and found in Henderson County Deed Book 970, Page 613.

5. Property located off of Glady Fork Road, Buncombe County, North Carolina, containing approximately 36.54 acres, and found in Buncombe County Deed Book 2068, Pages 580 and 583.

6. Property located on Black Cove Road, Buncombe County, North Carolina, containing approximately 50 acres and found in Buncombe County Deed Book 1930, Page 223, which was substituted for a Hartford Financial Services Group, Inc., annuity, account number 710473987.

7. Property located at 1396 Kilgore Bridge Road, Spartanburg County, South Carolina, containing approximately 113.96 acres, and found in Spartanburg County Deed Book 069E, Page 779.

8. Property located at SR 1353 off Hooper Lane Road, Henderson County, North Carolina, containing approximately 1.86 acres, and found in Henderson County Deed Book 982, Page 041.

9. Property located at Tract A and Lot 2, J.D. Hooper Estate, Henderson County, North Carolina, containing approximately 16.10 acres, and found in Henderson County Deed Book 982, Page 796.

10. Property located at 112 Smith Cove Road, Buncombe County, North Carolina, containing approximately 1.00 acres, and found in Buncombe County Deed Book 2087, Page 515.

11. Property located on Lower Beaverdam Loop Road, Buncombe County, North Carolina, containing approximately 2.53 acres, and found in Buncombe County Deed Book 2184, Page 893.

12. Property located off of Dave Whitaker Road, Henderson County, North Carolina, containing approximately 1.35 acres, and found in Henderson County Deed Book 1021, Page 227.

13. Property located at 46 Billy Cove Road, Buncombe County, North Carolina, containing approximately 1.13 acres, and found in Buncombe County Deed Book 2330, Page 820.

14. Property located on Beaverdam Loop Road, Buncombe County, North Carolina, containing approximately 4.30 acres, and found in Buncombe County Deed Book 2386, Page 388.

15. Property located at 115 Casey Road in Spartanburg County, South Carolina, containing approximately 5.0 acres, and found in Spartanburg County Deed Book 073Y, Page 962.

16. Property located on Beaverdam Loop Road, Buncombe County, North Carolina, containing approximately 26.43 acres, and found in Buncombe County Deed Book 1144, Page 79.

# RESTITUTION PAYEES

The defendant shall make restitution to the following payees in the amounts listed below:

| NAME OF PAYEE | AMOUNT OF RESTITUTION ORDERED |
|---|---|
| USDA, Risk Management Agency | $9,150,603.00 |

_X_ The defendant is jointly and severally liable with co-defendants for the total amount of restitution.

___ Any payment not in full shall be divided proportionately among victims.